THE STURGIS NATIONAL BANK V. JOT J. SMITH ET AL.

No. 643.

**Conflict in Decisions as Ground for Writ of Error.**

One of the exceptional cases in which the writ of error may be granted where a judgment is reversed and cause remanded, is where "any two of the Courts of Civil Appeals may hold differently on the same question of law." Article 1011a, Act April 13, 1892. The fifth, sixth, and seventh exceptions in the article cited were inserted for the purpose of enabling this court, upon the first opportunity, to settle questions of law upon which conflicting opinions were held by any of the courts having appellate jurisdiction. It was not the intention to give this court jurisdiction in such cases where this court has already determined the point. It will be presumed that the court whose ruling has been reversed will conform to the decision of this court. . 650

APPLICATION for writ of error to Court of Civil Appeals for Fifth District, in an appeal from Hill County.

*McKinnon & Carlton,* for application.

GAINES, CHIEF JUSTICE.—This is an application for a writ of error to the Court of Civil Appeals to reverse a judgment of that court which reversed the judgment of the District Court and remanded the cause. For the purpose of showing that this court has jurisdiction to grant the writ, it is averred in the petition, that "the holding in this case is a different holding on the same question of law to that of the Court of Civil Appeals for the Fourth Supreme Judicial District of the State of Texas, in the case of the International Building and Loan Association v. Fortaissau et ux., 24 Southwestern Reporter, 456."

One of the exceptional cases in which this court may grant a writ of error where a judgment is reversed and the cause remanded, is where "any two of the Courts of Civil Appeals may hold differently on the same question of law." Art. 1011a of the Act of April 13, 1892; 85 Texas, 634. The fifth, sixth, and seventh exceptions in the article cited were inserted for the purpose of enabling this court, upon the first opportunity, to settle questions of law upon which conflicting opinions were held by any of the courts having appellate jurisdiction, so far at least as the opinion of this court can settle such questions; and we are of the opinion, that it was not the intention to give this court jurisdiction in such cases when we have already determined the point. In the Fortaissau case, above cited, the Court of Civil Appeals for the Fourth District did hold, that where the creditor and debtor entered into a new contract supported by a valuable consideration, in which the debtor agrees to pay the usurious debt according to its original terms, the latter deprived himself of the right to claim that the contract was usurious, and to have his previous payments credited upon the princi-

pal—the original legal obligation.   They subsequently made the same ruling in the International Building and Loan Association v. Beering, 23 Southwestern Reporter, 621; but the judgment in that case was reversed by this court for error in so ruling, and that holding was thereby overruled.   Loan Association v. Biering, 86 Texas, 476.   It is to be presumed that the Court of Civil Appeals for the Fourth District will respect the ruling of this court; and we think, therefore, that it can not be properly said, that they now hold differently from the Court of Civil Appeals of the Fifth District in the case now before us.   It may be that there is a conflict between the two decisions; but we are of opinion that the question has been already settled, and that therefore we have no jurisdiction to grant the writ of error in this case.

The application is therefore dismissed.

*Application dismissed.*

Delivered April 18, 1895.